FILED'09 JUL 07 15:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WAYNE DAVIS,

        Petitioner,

        v.

JEAN HILL,

        Respondent.

Civil No. 06-1497-JE

FINDINGS AND RECOMMENDATION

Thomas J. Hester, OSB No. 93184
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd #002102
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254. He challenges the legality of his underlying state court convictions on the bases that: (1) trial counsel was constitutionally ineffective; and (2) the consecutive sentences were unlawfully based on facts determined by a judge and not a jury. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

The victim of petitioner's offenses was "JT," a sixteen year old girl who ran away from a drug treatment program in Seattle and met petitioner and his colleague at a Greyhound station while she panhandled for a bus ride to her mother's home in Bellingham. Respondent's Exhibit 104, p. 21-28. The three planned to travel to California together. *Id*. at 27. To buy a used car for the trip JT prostituted herself under petitioner's guidance. *Id*. at 35-36. In mid-November 1998 the group traveled to Portland, and petitioner directed JT to commit further acts of prostitution. *Id*. at 34-38. In her testimony JT detailed six encounters with customers in Portland, as well as petitioner's demands that she earn more money on the streets. *Id*. at 38-39, 45-47. On November 13, 1998 JT was arrested by a Portland police officer, leading to the arrest of petitioner and his colleagues. *Id*. at 53-54.

2 - FINDINGS AND RECOMMENDATION

Based on these facts, a jury convicted petitioner on six counts each of Compelling Prostitution and Promoting Prostitution, and one count each of Delivery of a Controlled Substance to a Minor, Contributing to the Sexual Delinquency of a Minor and Criminal Conspiracy to Promote Prostitution. Respondent's Exhibit 101, p. 1-2 and Exhibit 105, p. 52-54. The trial court sentenced petitioner to 70 months on the first two convictions of Compelling Prostitution and 40 months on the third, with all sentences to run consecutively. Respondent's Exhibit 105, p. 82-85.

Petitioner took a direct appeal where he argued that the consecutive sentences were unlawful because the evidence established a single instance of Compelling Prostitution under Or.Rev.Stat. § 167.017(1)(b). Respondent's Exhibit 108, p. 14-15. Specifically, he theorized that Or.Rev.Stat. § 167.017(1)(b) criminalizes continuing conduct, not discrete events. *Id.* at 13-14. The Court of Appeals rejected this argument and affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Davis*, 181 Or.App. 127, P.3d 228, *rev. denied*, 334 Or. 288, 49 P.3d 797.

Petitioner later filed for post-conviction relief ("PCR") in Malheur County raising several claims of ineffective assistance of counsel. The PCR trial court denied relief. Respondent's Exhibit 120, p. 14. On appeal petitioner raised the claim for the first time that the trial court's imposition of consecutive sentences

3 - FINDINGS AND RECOMMENDATION

violated his Sixth Amendment right to trial by jury, because the
trial judge himself found the facts necessary to support the
Compelling Prostitution sentences. Respondent's Exhibit 122, p. 19-
20. The Oregon Court of Appeals affirmed the lower court decision
without opinion, and the Oregon Supreme Court denied review. *Davis
v. Hill*, 205 Or.App. 568, 135 P.3d 859, *rev. denied*, 341 Or. 244,
142 P.3d 72.

Petitioner filed for habeas relief on October 23, 2006,
raising two grounds for relief:

1.  Petitioner was denied effective assistance of trial counsel
    when counsel failed to:

    a.  Object to the sufficiency of the evidence to sustain
        convictions for multiple counts of Compelling
        Prostitution and Promoting Prostitution, rather than a
        single merged count;

    b.  Object to the lack of a proper foundation to the charge
        of Delivery of a Controlled Substance to a Minor; and

    c.  Request a jury instruction raising an affirmative defense
        as to petitioner's belief about the victim's age.

2.  The trial court unlawfully imposed consecutive sentences for
    Compelling Prostitution without submitting the supporting
    facts for each sentence to a jury.

Respondent asks this Court to deny relief on the Petition
because: (1) Grounds 1(b) and 1(c) are unargued and unsupported by
the record; (2) Ground Two was not fairly presented to the Oregon
state courts and is now procedurally defaulted; and (3) the state
court decisions denying relief on Grounds One and Two are entitled

4 - FINDINGS AND RECOMMENDATION

to deference and were neither "contrary to" nor "unreasonable applications of" U.S. Supreme Court precedent.

## DISCUSSION

### I.    Standard of Review.

Habeas relief will only be granted when the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under the "contrary to" standard, a federal court may grant habeas relief if a state court "applies a rule that contradicts the governing law set forth" or if the facts are "materially indistinguishable from a decision of [the Supreme] Court and [the state court] nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

Under the "unreasonable application" standard, habeas relief may be granted "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. In other words, the state court's decision must be objectively unreasonable, not merely incorrect, erroneous, or otherwise falling short of a "reasonable jurist" standard. *Id*. at 409-11.

When the state court decision provides no reasoning to support its conclusion, the federal habeas court must conduct an

independent review of the record to determine whether the decision was objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir.2003). In such an instance, this Court still lends deference to the state court's decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir.2002). Because the PCR trial court provided no reasoning for its decision, this court shall conduct an independent review of the record.

## II.  Unargued Claims

Petitioner's Supporting Memorandum (#42) presents no argument to support Grounds 1(b) and 1(c), nor does he attempt to challenge the State's arguments in the Response that those claims do not entitle him to relief. This court has nevertheless considered these unargued claims and finds that they do not entitle petitioner to relief. *See* 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true").

## III. Exhaustion and Procedural Default

Before petitioning for federal habeas relief, a petitioner must properly exhaust his federal constitutional claims by "fairly presenting" them to the state's highest court on direct appeal or collateral proceedings. *Rose v. Lundy*, 455 U.S. 509, 515-19 (1982); 28 U.S.C. § 2254(b)(1)(A) and (c). The petitioner must provide

6 - FINDINGS AND RECOMMENDATION

state courts with "one full opportunity to resolve any [federal] constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir.2004). To fairly present a federal claim to a state court, the claim must explicitly refer to the federal constitutional guarantee and relevant case law, along with the facts entitling petitioner to relief. *Baldwin v. Reese*, 541 U.S. 27, 33 (2004). Petitioner must also present the claim to the state courts in a procedural context where its merits will be considered. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Claims not fairly presented to the state court are deemed procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). A federal habeas court will not review a procedurally defaulted federal claim unless the petitioner shows "cause and prejudice" for his failing to present the claim to the state courts, or the petitioner can show that failure to review the claim will result in a "fundamental miscarriage of justice." *Id.*

In this case petitioner first raised his due process claim on PCR appeal, not on direct review or in his PCR petition. Under Oregon law, a petitioner waives any claim on appeal that he reasonably could have raised at sentencing, on direct review, or in his PCR petition. *Palmer v. State*, 318 Or. 352, 355-56 (1994); *Makinson v. Lambert*, 199 Or.App 418, 420-21 (2005). Petitioner thus

7 - FINDINGS AND RECOMMENDATION

waived his due process claim on PCR appeal. In his petition for review to the Oregon Supreme Court, petitioner admitted that his Ground Two claim was not presented to the state courts in the proper procedural context. Respondent's Exhibit 122, p. 16. It follows that Ground Two was not fairly presented to the Oregon state courts. The claim is also procedurally defaulted because Or.Rev.Stat. § 138.550(2) bars petitioner from resubmitting this claim to the state court. *Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992). Finally, petitioner has not attempted to show "cause and prejudice" to excuse the default, nor does he allege that the convictions resulted in a "fundamental miscarriage of justice." *Carpenter*, 529 U.S. at 451. For all these reasons Ground Two is ineligible for a review on its merits.[1]

IV.    **The Ineffective Assistance of Counsel Claim**

In Ground 1(a) petitioner argues that his trial attorney was constitutionally ineffective by failing to object to the sufficiency of the evidence to sustain multiple convictions of Compelling Prostitution. Specifically, he argues that he compelled JT to enter a life of prostitution a single time, and should not have been convicted of six counts of Compelling Prostitution for

---

[1]Even if Ground Two were eligible for review, the claim would fail because *State of Oregon v. Ice*, 129 S.Ct. 711 (2009) establishes that the Sixth Amendment does not prohibit the states from assigning the fact-finding responsibility for consecutive sentences to judges rather than juries.

each of JT's sexual encounters, thereby leading to multiple punishments.

The Ninth Circuit has held that a habeas petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on the issue. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir.2006); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir.2005). But even if this court assumes that the constitutional right to effective assistance of counsel applies to non-capital sentencing proceedings, petitioner's claim fails.

In *Strickland v. Washington* the U.S. Supreme Court established a two-part test to determine whether a petitioner has suffered ineffective assistance of counsel. First the petitioner must show that counsel's performance did not meet an objective standard of competency. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). The Court urged that "judicial scrutiny of counsel's performance must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," because of the temptation to condemn counsel's performance as unreasonable when their defense was unsuccessful. *Id.* at 689. Performance must be evaluated from counsel's perspective at the time of the alleged error. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). The burden is on the

9 - FINDINGS AND RECOMMENDATION

petitioner to rebut this presumption of competency. *Strickland*, 466 U.S. at 689.

Second, the petitioner must show that counsel's performance prejudiced his defense, "that there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 694. The Court defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.*

In this case petitioner claims trial counsel was constitutionally ineffective for failing to recognize the allegedly unlawful consecutive sentences for Compelling Prostitution and to argue for merger. The PCR trial court rejected this argument, stating that "representation of counsel, both at trial and on appeal, on the appellate level, were reasonable under the circumstances and they meet the test of the authorities." Respondent's Exhibit 120, p. 14. The PCR judgment repeated that "representation of trial and appellate counsel was reasonable under the circumstances." Respondent's Exhibit 121.

The thrust of petitioner's argument is that Or.Rev.Stat. § 167.017(1)(b) was unlawfully applied against him for all six instances of the victim's acts of prostitution, when the statute only punishes the initial engagement in, or the enterprise of,

prostitution.[2] Respondent's Exhibit 122, p. 12. Under the first *Strickland* element, petitioner suggests that counsel fell short of the objective standard by failing to advance this interpretation of Or.Rev.Stat. § 167.017(1)(b).

Petitioner bases his argument on the legislative history of Or.Rev.Stat. § 167.017(1)(b). Respondent's Exhibit 115, p. 12-13. The Commentary to the Proposed Oregon Criminal Code notes that "the harmful effects of a life of prostitution are cumulative and progressive; involvement at an early age makes reform and rehabilitation more difficult." Proposed Oregon Criminal Code, 224 *Commentary* § 252 (1970). Petitioner interprets the Commentary to suggest that the legislature intended to punish a defendant for inducing or causing a minor into a pattern of prostitution, rather than each individual act. Petitioner's Supporting Memorandum (#42).

However, the legislature states that § 167.017(1)(b) "affirms certain public policies," and preventing "the harmful effects of a life of prostitution" is but one of these, along with protecting minors from sexually motivated offenses, and allowing minors' natural resistance to engage in prostitution to develop as they mature. *Commentary* § 252. There is no evidence that the provision was intended to insulate from prosecution any additional acts of

---

[2]Or. Rev. Stat. § 167.017(1)(b) provides in relevant part, "(1) A person commits the crime of compelling prostitution if the person knowingly: . . . (b) Induces or causes a person under 18 years of age to engage in prostitution."

11 - FINDINGS AND RECOMMENDATION

Compelling Prostitution beyond the first act. In keeping with the legislative purpose of protecting minors from sexually motivated offenses, the statute more effectively deters criminals by applying every time that a defendant induces a minor to commit an act of prostitution, rather than by punishing only the first inducement.

Petitioner relies on *Oregon v. Wood* to support his reading of the legislative history. In language lifted from the legislative history, the *Wood* court emphasized that "the purpose of [§ 167.017] is to provide maximum protection for minors from the harmful, cumulative effects of a life of prostitution." *Wood*, 34 Or.App 569, 573 (1978). But this passage constitutes dicta. The legal issue in *Wood* concerned whether a jury instruction correctly disregarded a minor's consent as a defense under Or.Rev.Stat. § 167.017(1)(b). *Wood* does not speak directly to the issue of the propriety of consecutive sentences for multiple counts of Compelling Prostitution.

There is also a textual argument against petitioner. Respondent correctly notes that Or.Rev.Stat. § 167.017(1)(b) punishes the act of "prostitution," which the legislature defines at Or.Rev.Stat. § 167.007 in relevant part:

> (1)  A person commits the crime of prostitution if:
>
> > (a)  The person engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee . . .

12 - FINDINGS AND RECOMMENDATION

Taken together, Or.Rev.Stat. § 167.007 and Or.Rev.Stat. § 167.017 punish a person for Compelling Prostitution who knowingly induces or causes a person under 18 years of age to engage in sexual conduct or sexual contact in return for a fee. For a single victim, the defendant faces as many separately punishable offenses as there are violations of Or.Rev.Stat. § 167.017. Each violation must be separated "by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." Or.Rev.Stat. § 161.067(3). A "sufficient pause" has been recognized to be as short as five minutes. *State v. Stafford*, 157 Or.App. 445, 460 (1998). Generally it is the minimum amount of time in which the defendant has the "opportunity to pause and reflect on his conduct." *Id.*

These statutory provisions present a strong textual argument against petitioner. He concedes that "crediting JT's testimony, he induced or caused her to engage in prostitution." Petitioner's Supporting Memorandum (#42), p. 11. By applying Or.Rev.Stat. § 167.007 and § 167.017 to this statement, it follows that petitioner induced or caused JT to engage in six discrete acts of prostitution. As for the "sufficient pause" element of Or.Rev.Stat. § 167.017, the trial court found that "there was plenty of opportunities to stop [inducing or causing JT to engage in prostitution] and, therefore, consecutive sentences are appropriate." Respondent's Exhibit 107, p. 82. Accordingly,

13 - FINDINGS AND RECOMMENDATION

petitioner was correctly charged with six counts of Compelling Prostitution.

In sum, Or. Rev. Stat. § 167.017 is unambiguous in that it punishes discrete instances of Compelling Prostitution, in every instance when a defendant induces or causes the victim to engage in prostitution. Petitioner is unable to direct this court to any Oregon case which concludes that the legislature intended the statute to impose a single conviction for Compelling Prostitution on the facts of this case. Because there is no basis to believe that such an objection would have prevailed, counsel was under no obligation to raise it. Accordingly, upon an independent review of the record, the PCR trial court did not unreasonably apply *Strickland* to the facts of petitioner's case when it denied relief on this claim.

## CONCLUSION

For the reasons discussed above, the Petition for Writ of Habeas Corpus (#1) should be denied, and a judgment should be entered dismissing this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days

14 - FINDINGS AND RECOMMENDATION

from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

    DATED this 2nd day of July, 2009.

           _____
           JOHN JELDERKS
           United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION